UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. TOWNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 10 C 808 |
| v. | ) |
| | ) Judge George M. Marovich |
| PETER G. SWAN, and | ) |
| EMALFARB, SWAN & BAIN, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas E. Towne ("Towne") has sued his former attorney, Peter G. Swan ("Swan"), and Swan's firm, Emalfarb, Swan & Bain (the "Firm"), for malpractice.[1] Defendants filed a motion for judgment on the pleadings on the grounds that plaintiff's claims were barred by a release. The release, however, is outside of the pleadings and, thus, cannot be considered on a motion for judgment on the pleadings without converting the motion to a motion for summary judgment. In open court, the parties agreed that the Court should convert the motion to a motion for summary judgment. Plaintiff's counsel, who had already filed a response to the motion for judgment on the pleadings, stated that he did not wish to file another brief and asked the Court to consider his response as a response to the converted motion for summary judgment. Accordingly, the Court will consider defendants' motion under the standard for granting a motion for summary judgment. For the reasons set forth below, the Court denies defendants' motion.

---

[1]The Court has jurisdiction over this case because the parties are completely diverse and the amount in controversy is greater than $75,000.00. Plaintiff Towne is a citizen of Tennessee. Defendant Swan is a citizen of Illinois. Defendant Emalfarb, Swan & Bain is a citizen of Illinois, because each of its partners is a citizen of Illinois.

## I. Background

The following facts, in the light most favorable to the plaintiff (the non-moving party), are taken from the parties' pleadings and the affidavits and documents they submitted. The facts are undisputed unless otherwise noted.

The events at issue in this case and in this motion began in 2002. It was in that year that defendants Swan and his law Firm filed a state-court lawsuit on behalf of plaintiff Towne. The state-court lawsuit did not go well for Towne. Eventually, Towne filed this lawsuit for malpractice. Swan's representation of Towne in the state-court suit was not Swan's only dealing with Towne. Towne has put forth admissible evidence that Towne and Swan were also business partners, beginning in about 2002.

According to Towne's affidavit (which Swan might dispute), Swan and Towne were engaged in a business that leased billboards in Libertyville, Illinois. In addition, Towne's affidavit describes a deal involving Towne's home. In 2003 or early 2004, Towne was having financial troubles and was in danger of losing the home in which he lived at 29505 Oak Spring Lane in Libertyville. Swan paid off the mortgage on 29505 Oak Spring Lane and put the title in the name of Jane Harris as trustee for a trust of which Swan was the beneficiary. (Swan later married Jane Harris.) Towne continued to live at 29505 Oak Spring Lane, and Swan deducted, as rent, $2,000.00 per month from Towne's share of the revenue from the billboard leases in Libertyville.

In the meantime, Swan and his Firm were representing Towne in the state-court case. In the state-court case, Towne had sued one Richard Tauber ("Tauber") over a real-estate development deal. Tauber filed counterclaims. The parties agree that in January 2005, the state court ordered Towne to produce income tax records and that the records were not produced.

(The parties dispute who was at fault, but that dispute is not relevant to this motion.) The parties agree that in July 2006, the state court ordered Towne to produce an accounting. The parties agree that an accounting was not produced. In May 2007, the state court struck Towne's complaint as a discovery sanction. Tauber's counterclaims were still pending.

According to Towne's affidavit, in October 2007, Swan informed Towne that the billboards were no longer producing revenue. That seems also to have meant that Towne was no longer paying rent on the 29505 Oak Spring Lane house. In December 2007, Jane Harris (who was, by this time, married to Swan) filed suit to evict Towne and his family from the 29505 Oak Spring Lane house. Towne and Swan reached an agreement whereby if Towne found a buyer for the house, Swan would pay Towne any proceeds above $365,000.00, after closing costs. Towne has put forth evidence that he found a buyer and that Swan paid Towne $10,000.00, which was some, but not all, of what Swan owed Towne for finding a buyer. Instead of paying Towne the rest of the agreed-to amount, Swan forged Towne's signature on a lien (which Swan notarized) for $30,000.00 against the house and then filed the lien on February 14, 2008. Swan later forged Towne's signature on a release of the lien (which release Swan, himself, notarized) and filed the release on February 27, 2008. Swan did not pay Towne the amount of the lien.

Meanwhile, Swan and his Firm continued to represent Towne in the state-court case against Tauber. On January 10, 2008, the state court ordered that discovery would close March 15, 2008 and that the trial would start May 19, 2008. On April 1, 2008, Swan presented a motion for leave to withdraw as counsel for Towne. The state court granted leave. When the case proceeded to trial on May 19, 2008, neither Towne nor counsel appeared. The state court entered judgment in favor of Tauber and against Towne for an amount greater than $2,000,000.00.

It is undisputed that on May 30, 2008, Towne signed a release which stated:

TO ALL PERSONS TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN: Know that Thomas Towne, formerly of 29505 Oak Spring Lane, Libertyville, Illinois ("Towne"), for and in consideration of the sum of Seven Thousand Dollars ($7,000) in hand paid by Emalfarb, Swan & Bain, Jane Swan (formerly Jane Harris) and Peter Swan and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does remise, release and forever discharge Peter G. Swan, Jane Swan and the law firm of Emalfarb, Swan & Bain and their heirs, executors, administrators, successors and assigns of and from all or any manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever in law, in admiralty or in equity which he ever had, now has or which his heirs, executors or administrators hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever. This release includes, but is not limited to, any claim of impropriety or claim for compensation relating to the property commonly known as 29505 Oak Spring Lane, Libertyville, Illinois, (the "Property"), the sale of the Property or the recording of any lien or release against title to the Property. Towne acknowledges that prior to executing this release that he has consulted with counsel of his choice, other than the parties released herein, and does so as his free and voluntary act for the consideration stated herein.

Towne has put forth evidence that when he signed the release, he did not know about the state-court judgment entered against him. Towne learned of the judgment in late June 2008.

## II. **Summary Judgment Standards**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Where, as here, a defendant moves for summary judgment with respect to an affirmative defense, the burden of proof rests with the defendant. *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009).

### III. Discussion

When considering a state law claim pursuant to the Court's diversity jurisdiction, the Court applies federal procedural rules and state substantive law. *Anderson v. Griffin*, 397 F.3d 515, 520 (7th Cir. 2005). The duty of a federal court applying state substantive law is "to predict what the state's highest court would do if presented with the identical issue." *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004). In this case, the parties agree that Illinois law applies to plaintiff's state law claims.

Defendant argues that Towne's malpractice claim is barred by the release Towne signed on May 30, 2008. Towne argues that the release did not cover his malpractice claim. Alternatively, Towne argues that the release is invalid due to duress.

Under Illinois law, "[a] general release is inapplicable to an unknown claim." *Farm Credit of St. Louis v. Whitlock*, 144 Ill.2d 440, 448 (Ill. S.Ct. 1991). As the Illinois Supreme Court has stated:

> Where the releasing party was unaware of other claims, Illinois case law has restricted general releases to the specific claims contained in the release agreement. However, where both parties were aware of an additional claim at the

time of signing the release, courts have given effect to the general release
language of the agreement to release that claim as well.

*Whitlock*, 144 Ill.2d at 447 (internal citations omitted); *see also Gallagher v. Lenart*, 226 Ill.2d 208, 236 (Ill. S.Ct. 2007).

The first question, then, is whether the release Towne signed is a general release or a specific release. The Court concludes that it is a general release. One sentence of the release is an extremely broad release of all claims in law, admiralty or equity. The next sentence states, "[t]his release *includes, but is not limited to*, any claim of impropriety or claim for compensation relating to the property commonly known as 29505 Oak Spring Lane, Libertyville, Illinois, (the "Property"), the sale of the Property or the recording of any lien or release against title to the Property." (Release) (emphasis added). By using the phrase "includes, but is not limited to," the parties have made clear that the release is intended to be a general release of all claims and that the parties specifically were intending to release particular claims having to do with the Oak Spring house. In particular, the release specifically releases Swan with respect to his forging of Towne's signature on the lien and the release of the lien. The release also specifically releases Swan and Jane Swan with respect to their breach of the agreement to pay Towne proceeds (in excess of $365,000.00 after closing costs) from the sale of 29505 Oak Spring Lane.

The next question is whether the general release applies to Towne's malpractice claim in this case. That turns on whether the parties knew the facts underlying Towne's malpractice claim, because, under Illinois law, a general release does not apply to an unknown claim.[2]

---

[2]Defendant cites a 1983 federal district court case for the proposition that a general release also releases any claims a party should have known about. Although defendants do not cite the case, the Court is aware that the Seventh Circuit has said "a general release is valid as to all claims of which a signing party has actual knowledge or that he could have discovered upon

Towne has put forth admissible evidence that when he signed the release on May 30, 2008, he was not aware of the May 19, 2008 judgment. Accordingly, with respect to at least that portion of Towne's malpractice claim, there is an issue of fact as to whether the general release bars Towne's claim. As to the rest of Towne's malpractice claim, defendants assert that Towne knew, for example, that the state court had dismissed his claims against Tauber as a discovery sanction. The problem with this argument is that, at the summary judgment stage, allegations will not suffice. Defendants needed to put forth admissible evidence (an affidavit, for example) showing that Towne knew the facts underlying the malpractice claim.

Defendants have not carried their burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law with respect to their affirmative defense. Thus, the Court cannot grant defendants' motion for summary judgment with respect to its affirmative defense. Of course, defendants remain free to attempt to establish their affirmative defense at trial (or in another motion for summary judgment which complies with the strict requirements of Local Rule 56.1).

---

reasonable inquiry." *Fair v. International Flavors & Fragrances Inc.*, 905 F.2d 1114, 1116 (7th Cir. 1990). As defendants point out, Towne could have, with any diligence, discovered the judgment against him before May 30, 2008. Still, this Court's job is to determine what the Illinois Supreme Court would do with this case. After the Seventh Circuit's *Fair* decision, the Illinois Supreme Court said, "a general release is inapplicable to an unknown claim." *Whitlock*, 144 Ill.2d at 448. The Court is not aware (and defendants have not pointed out) any cases in which the Illinois Supreme Court has narrowed that pronouncement to "unknown claims that could not have been discovered." At least one Illinois Appellate court refused to so narrow the principle. *Myers v. Health Specialists, S.C.*, 225 Ill.App.3d 68, 75 (Ill.App.Ct. 1st Dist. 1992).

## IV. Conclusion

For the reasons set forth above, the Court denies defendants' motion.

ENTER:

_George M. Marovich_
George M. Marovich
United States District Judge

DATED: October 26, 2010